UNITED STATES DISTRICT COURT Eastern District of Kentucky
EASTERN DISTRICT OF KENTUCKY            FILED
LEXINGTON

APR 20 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 04-CV-299-KSF

JOHN ROBERT JONES                                                              PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

UNKNOWN NAMED EMPLOYEES OF THE
FEDERAL BUREAU OF PRISONS                                                      DEFENDANTS

Currently before the Court is a submission entitled "Clarification of Complaint" [Record No. 16], which John Robert Jones, the *pro se* plaintiff, has filed. The plaintiff is currently confined at the Federal Medical Center Satellite Camp in Forth Worth, Texas ("FMC-Fort Worth"). In his current submission, the plaintiff specifically objects to certain rulings in the "Memorandum Opinion and Order" entered herein on March 4, 2005 ("the Opinion and Order") [Record No. 11]. As the plaintiff seeks amendment of the Opinion and Order, the Court broadly construes the "Clarification of Complaint" as a "Motion to Amend" the Opinion and Order, pursuant to Fed.R.Civ.P. 59(e).

1. Procedural History

The plaintiff filed a thirteen-page, handwritten complaint in which he asserted claims under: (1) 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and (2) the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2672 *et seq*. The plaintiff alleged that while he had been incarcerated at the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), over a several-year period, employees of FMC-Lexington improperly opened legal mail addressed to him and violated his First Amendment rights.

The Court screened the complaint under 28 U.S.C. §1915 and *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). On March 4, 2005, the Court entered the Opinion and Order, which was twenty-three pages in length. In the Opinion and Order, the Court dismissed the majority of the plaintiff's allegations, finding that they failed to state a claim upon which relief could be granted [Record No. 11]. The Court will not reiterate its analysis of the plaintiff's numerous claims, or its conclusions, as they are set forth in detail in the Opinion and Order.

Summarized, the Court determined that all but one specific group of the plaintiff's First Amendment claims were meritless. The dismissal of all but one category of the claims was based upon various defenses such as *Bivens* official capacity immunity; Kentucky's one-year statute of limitations; failure to administratively exhaust *Bivens* claims; failure to exhaust *Bivens* claims in a timely fashion; improper venue[1]; the FTCA's two-year statute of limitations for asserting claims in federal court; and the FTCA's six-month statute of limitations for filing administrative claims. *Id.*

The Court ordered summons to issue as to only one set of claims asserted in the complaint: the plaintiff's FTCA claims alleged to have occurred between August 9, 2002, and July 24, 2003 [*See* Complaint, Record No. 2, ¶¶22-31]. As the Court dismissed all *Bivens* claims either with or without prejudice, and as the only remaining claims were FTCA claims, the Court substituted the United States as the sole defendant in this action.

## 2. Plaintiff's Motion to Amend

On March 18, 2005, the plaintiff filed a construed "Motion to Amend" the Opinion and

---

[1] The plaintiff alleged that his legal mail had been improperly opened by Bureau of Prison ("BOP") employees on October 28, 2003, over two months after his transfer to FMC-Fort Worth. The Court determined that any claims alleged to have arisen on October 28, 2003, would have occurred at FMC-Fort Worth. Accordingly, the Court dismissed that particular claim without prejudice, on the basis that Kentucky was not the proper venue for claims alleged to have arisen in Fort Worth, Texas.

2

Order, the authority for which would be Fed.R.Civ.P. 59(e) [Record No. 16]. The plaintiff takes exception to several rulings in the Opinion and Order.[2]

First, he states that the Court erroneously concluded that his First Amendment *Bivens* claims alleged to have arisen between January 5, 2001, and April 9, 2003, were barred by KRS. 413.140 (1)(a), Kentucky's one-year statute of limitations [Letter/motion, Record No. 16, p. 3]. He argues that these claims fall under the Kentucky's "residual" five-year statute of limitations, which is set forth in KRS.413.120(a).[3] [*Id.*]. Second, he argues that because the complained-of events were of a continuous and ongoing nature, the one-year statute of limitations did not apply [*Id.*, pp. 4-5].

Third, the plaintiff argues that even if Kentucky's one-year statute does apply, he should have been able to "equitably toll" his claims arising during this period. He asserts that any one-year statute of limitations should have been tolled while he was exhausting his claims [*Id.*, pp.3-4].

Fourth, the plaintiff argues that he did, in fact, timely exhaust his *Bivens* claims alleged to have occurred between June 26, 2003, and August 7, 2003.[4] He explains in his current submission that on July 10, 2003, he began exhausting these claims by filing a "cop-out" at FMC-Lexington.

---

[2] Although not technically an argument, the plaintiff states that contrary to the Court's findings, he did not intend to assert a claim against BOP employees at FMC-Fort Worth. He states that as compared to FMC-Lexington employees, FMC-Fort Worth employees used proper procedures regarding the opening of his legal mail.

[3] 413.120 states in part as follows:

**Actions to be brought within five years**

The following actions shall be commenced within five (5) years after the cause of action accrued:
. . . .
(2) *An action upon a liability created by statute, when no other time is fixed by the statute creating the liability.* {Emphasis added}

[4] The Court dismissed these claims with prejudice, finding that the plaintiff had failed to timely present these claims to the BOP for administrative resolution.

3

He claims that he did not receive a response to his "cop-out" and was then transferred to FMC-Fort Worth a month later, on August 7, 2003 [Letter/motion, Record No. 16, p. 4].

The plaintiff further contends that after allowing three months to pass, during which time he allowed for the "inter-institutional transfer of correspondence," and after receiving no response to his July 10, 2003 "cop-out," he sent a BP-8 "Informal Request to Staff" to the warden of FMC-Lexington on November 5, 2003 [*Id.*]. He states that he explained all of this to the BOP's Mid-Atlantic Regional Office in his BP-10 dated January 21, 2004. The plaintiff cites *Thomas v. Woolum*, 337 F.3d 720 (6th Cir. 2003), as authority for the proposition that "the PLRA[5] only requires that a prisoner complete each step of the grievance process, thereby giving prison officials an opportunity to address an issue." [*Id.*]. It appears he is arguing that he was only required to have undertaken each step of the BOP's administrative remedy process, irrespective of the time limitations for doing so.

## DISCUSSION
### 1. Rule 59(e) Standards

Under Rule 59(e), there are three grounds for a court to amend its judgment: (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; and (3) to correct a clear error of law or to prevent manifest injustice. *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59 motion is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 1998 WL 288685 (6th Cir. June 5, 1998) (citing *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992). Given these standards, the Court will

---

[5] Plaintiff refers to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a).

4

determine whether the plaintiff has presented grounds for amending the Opinion and Order.

## 2. One-Year Statute of Limitations Argument

The plaintiff's first argument, that Kentucky's one-year statute of limitation is not applicable to his *Bivens* claims alleged to have arisen between January 5, 2001, and April 9, 2003, has no merit. As the Court explained in the Opinion and Order, the case law is clear and unequivocal that *Bivens* claims have a one-year statute of limitations under Kentucky law. *See Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003); *McSurely v. Hutchison*, 823 F.2d 1002 (6th Cir.1987). Kentucky's one-year statute of limitations set forth in KRS. §413.140(1)(a) applies to civil rights claims arising in Kentucky. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir.1990). The plaintiff is simply incorrect that a five-year statute of limitations should apply, as an action on a *Bivens* claim is in fact "fixed" by KRS. 413.140(1)(a).

The plaintiff's second argument is that because the complained-of events were of a continuous and ongoing nature, the one-year statute of limitations does not apply. The Court rejects this argument for two reasons. First, the plaintiff has alleged in his complaint that unknown FMC-Lexington defendants began opening his mail as far back as January 5, 2001, three-and-a-half years before he filed the complaint on July 6, 2004. He does not allege either in his complaint or in his current submission that he discovered these numerous alleged violations until sometime just prior to July 6, 2004.

On the contrary, the complaint clearly suggests that the plaintiff knew, or should have known, that his mail was allegedly being improperly opened on a regular basis between January 5, 2001, and April 9, 2003. The plaintiff did not, however, take any action regarding these alleged actions until July 6, 2004, well over a year later (at the latest). He offers no explanation for having failed to take

5

action until July, 2004, on claims dating as far back as January, 2001. That being the case, the plaintiff's claims alleged to have arisen during this period of time (between January 5, 2001 and April 9, 2003) are barred by Kentucky's one-year statute of limitations, KRS 413.140(1)(a). The Court will not amend the Opinion and Order as to that claim.

To the extent that the plaintiff now submits that the mail-opening violations were of a "continuous and ongoing nature," the Court rejects that assertion. Again, the plaintiff offers no reason why he could not have alerted FMC-Lexington officials sometime between January 5, 2001, and April 9, 2003, that alleged improprieties may have been occurring with regard to the opening of his legal mail. The Court will not amend the Opinion and Order based upon this argument.

### 3. Equitable Tolling Argument

The plaintiff argues that he is entitled to apply the doctrine of equitable tolling to his claims alleged to have arisen between January 5, 2001, and April 9, 2003. He contends that he should have been permitted to toll the time for filing suit while he was exhausting his administrative remedies.

The plaintiff bears the burden of demonstrating that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir.2002). The doctrine of equitable tolling is applied sparingly by federal courts. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir.2000). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61 (citations omitted). The United States Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't*

6

*of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L. Ed.2d 435 (1990). However, the Court has "generally been much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights." *Id.* "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561; *see also Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003).

The plaintiff's assertion that he is entitled to "equitable tolling" lacks merit. No "compelling" equitable considerations exist, because there is no indication in the record that the plaintiff even *initiated* the exhaustion process with regard to his claims alleged to have occurred between January 5, 2001, and April 9, 2003. For the same reasons set forth in the foregoing discussion relating to the applicability of Kentucky's one-year statute of limitations, the Court determines that the plaintiff failed to exercise due diligence between January 5, 2001, and April 9, 2003, about complaining of alleged mail-opening improprieties. He could have taken some steps to alert FMC-Lexington officials, but failed to do so. The Court declines to apply the doctrine of equitable tolling to the plaintiff's claims alleged to have occurred between January 5, 2001, and April 9, 2003.

### 4. Exhaustion of *Bivens* claims between June 26, 2003 and August 7, 2003

The plaintiff alleges that he submitted a "cop-out" at FMC-Lexington on July 10, 2003. He contends this action constituted the commencement of the exhaustion of his *Bivens* mail-opening claims alleged to have arisen between June 26, 2003, and August 7, 2003.[6] He states that he waited

---

[6] The plaintiff did not provide the Court with a copy of the "cop-out" he alleges he submitted at FMC-Lexington on July 10, 2003.

7

three months for a response, until November 5, 2003, before submitting a BP-8 to the warden of FMC-Lexington. This argument is unavailing for two reasons.

First, as the Court explained in the Opinion and Order, the administrative remedies available to inmates confined in BOP institutions are set out in 28 C.F.R. §542.10-.19 (1998). According to 28 C.F.R. §542.13(a), an inmate first informally presents his complaint to the staff [BP-8 form], thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a BP-9 formal written request to the Warden [*Id.*] The deadline for submitting a BP-9 is twenty (20) calendar days after the complained-of event, as set forth below:

> (a) *Submission*. The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9), *is 20 calendar days following the date on which the basis for the Request occurred.*

28 C.F.R. §542.14(a) (Emphasis Added).

If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director [BP-10]. If he is not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel [BP-11]. *See* §542.15.

Contrary to the plaintiff's assertion in his current submission, these regulations simply do not encompass or include the filing of a "cop-out" as part of the official administrative remedy process. The record is undisputed that the plaintiff did not submit a BP-8 "Informal Request to Staff" to the warden of FMC-Lexington until November 5, 2003. The plaintiff's BP-8 was therefore untimely under the provisions of 28 C.F.R. §542.14(a).

In *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L. Ed.2d 1 (1999), the Supreme Court stated that "we ask not only whether a prisoner has exhausted his state remedies, but also

8

whether he has *properly* exhausted those remedies." *Id.* at 848, 119 S.Ct. 1728 (emphasis in original). The plaintiff did not undertake the exhaustion of these particular claims in a timely or proper fashion. Accordingly, he is now barred from asserting them in this action, and the Court will not reconsider its decision or amend the Opinion and Order as to this claim.

Second, as the Court noted in the Opinion and Order, when the plaintiff finally submitted his BP-8 appeal to the Warden of FMC-Lexington on November 5, 2003, he did not mention the mail-opening event alleged to have occurred at FMC-Lexington on August 7, 2003, the date of his transfer. [*See* Complaint, Record No. 2, Exhibit 2(b) and (c)] Likewise, he failed to mention the alleged August 7, 2003 event when he filed his BP-9 appeal four months later, on December 14, 2003 [*Id.*, Exhibit 2(d)]. The plaintiff did not raise the August 7, 2003 claim until January 21, 2004, when he filed his BP-10 appeal to the BOP's South Central Regional Office [*Id.*, Exhibit 2(g)].

Even if the Court could broadly construe facts suggesting proper exhaustion as to this group of *Bivens* claims (which it cannot), the plaintiff clearly failed to exhaust his claims relating to August 7, 2003, at any time in his belated exhaustion attempts. The Court will not reconsider or amend the Opinion and Order as to Plaintiff's argument on this issue.

Finally, the Court finds that the plaintiff's reliance on *Thomas v. Woolum*, 337 F.3d 720 (6th Cir. 2003), does not provide sufficient grounds on which to invoke the relief provided in Fed.R.Civ.P. 59(e). There is a critical distinction between the holding of *Thomas v. Woolum* and the facts in the plaintiff's case. *Thomas* involved a prisoner's failure to comply with *state* time limitations, which failure did not prevent him from asserting constitutional claims in *federal* court.

9

*Id.*[7]

The instant complaint, however, did not involve a failure to comply with a *state* prison exhaustion requirements; it involved the plaintiff's failure to timely file his BOP administrative remedies according to legislative rules and regulations promulgated by the executive branch of the *federal* government. *See* 28 C.F.R. §542.10-19, which sets forth the four-level grievance and appeal procedure for inmates in *federal* prisons. The plaintiff is a *federal* prisoner and, as discussed *supra*, 28 C.F.R. §542.10-19 dictates the proper procedure and deadlines for filing administrative remedies within the BOP. The instant plaintiff was bound by the provisions of these federal regulations.

## CONCLUSION

The plaintiff has failed to establish grounds under Rule 59(e) which would justify amendment of the Opinion and Order. Accordingly, it is Ordered that the plaintiff's construed "Motion to Amend" the Opinion and Order, pursuant to Fed.R.Civ.P. 59(e) [Record No. 16] is **DENIED**.

This the 20th day of April, 2005.

KSF

KARL S. FORESTER, CHIEF JUDGE

---

[7] *See also Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 753, 99 S.Ct. 2066 (Supreme Court held that an Age Discrimination in Employment Act and Title VII plaintiff who had presented his grievance to governing *state* agency after the *state*'s statute of limitations had expired had nonetheless satisfied the ADEA's requirements and could proceed with his federal suit); *EEOC v. Commercial Products Co.*, 486 U.S. 107, 123, 108 S.Ct. 1 666 (1988) (Supreme Court held that a Title VII plaintiff's failure to comply with a *state* statute of limitations in presenting her grievance to the *state* agency was irrelevant in determining whether she could proceed to federal courts, as the Court found that *state* time limits for filing discrimination claims do not determine the applicable federal time limit).